# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ ) | | |
| JEFFREY A. LOVITKY ) | | |
| Attorney at Law ) | | |
| 1776 K Street N.W. ) | | |
| Washington D.C. 20006 ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| ) | | |
| v. ) | Civil Action No. ____ | |
| ) | | |
| ) | | |
| DONALD J. TRUMP, ) | | |
| in his official capacity as ) | | |
| President of the United States ) | | |
| 1600 Pennsylvania Ave. N.W. ) | | |
| Washington D.C. 20500 ) | | |
| ) | | |
| ) | | |
| Defendant ) | | |
| _____) | | |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This is a civil action brought to compel compliance by the President with the

financial disclosure requirements of the Ethics in Government Act, 5 U.S.C. App.

§ 101 et seq. This action alleges that the financial disclosure report filed by then

candidate Donald Trump on May 16, 2016 failed to specifically identify the

financial liabilities for which he is personally obligated, as required by 5 U.S.C. App. § 102(a)(4).1

2.      Plaintiff practices law in Washington D.C.  He is filing this action as a *pro se* plaintiff.  Defendant is President of the United States. Defendant is being sued in his official capacity.

3.      This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. § 2201 (declaratory judgment).  Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(e)(1).

4.      The Ethics in Government Act mandates public disclosure of the personal financial liabilities of candidates for President and Vice-President of the United States.  5 U.S.C. App. § 102(a)(4), as incorporated by 5 U.S.C. App. § 102(b)(1). The statute requires disclosure of such liabilities to any individual who agrees to the restrictions contained in 5 U.S.C. App. § 105(c) on the use of such information.

5.      The purpose of these disclosure requirements is to allow members of the public to make informed judgments as to whether candidates for federal office have financial conflicts of interests that may impair their ability to faithfully execute their duties as public servants.

---

1 Defendant's Financial Disclosure Report is available from the Wall Street Journal website http://www.wsj.com/public/resources/documents/TrumpdisclosureMay2016.pdf (last accessed March 13, 2017). A copy of the report downloaded from the Wall Street Journal website is attached hereto as Exhibit 1.

6.      The President's failure to specifically identify the financial liabilities for which he is personally obligated deprived plaintiff of information that plaintiff is entitled by law to receive.  This informational injury is itself sufficient to satisfy constitutional standing requirements.

7.      Additionally, the President's failure to specifically identify his personal financial liabilities renders more difficult the making of informed judgments as to whether his decisions as President may be impacted by personal financial considerations. This in turn impedes the exercise of plaintiff's right to petition members of Congress and other elected officials for the purpose of redressing any actual or potential conflicts of interests.

8.      As noted in Part 8 of the President's financial disclosure statement, various businesses owned by him have incurred debts to nine separate creditors in the amount of *at least* $300 million dollars.  Therefore, it is imperative that plaintiff and other members of the general public fully understand the extent to which the President is personally obligated to pay these business liabilities.

9.      On January 23, 2017, plaintiff sent a letter via certified mail to White House Counsel Donald McGahn expressing his concerns pertaining to this matter, and requesting his response thereto.  *See* Exhibit 2. Mr. McGahn has not responded to this letter.

## FACTUAL AND LEGAL BACKGROUND

10.    Candidates for President and Vice President are required to file their financial disclosure reports with the Federal Election Commission (FEC). 5 U.S.C. App. § 103(e). The FEC reviews these reports and sends copies of such reports to the Director of the Office of Government Ethics (OGE) for further review. 5 C.F.R. § 2634.602(e). The reviewing officials at the FEC and OGE must determine whether the report includes each required item to be completed. 5 C.F.R. § 2634.605(b)(1)(i). Disclosures contained in the report are taken at "*face value*" as correct, "*unless there is a patent omission or ambiguity or the official has independent knowledge of matters outside the report.*" 5 C.F.R. § 2634.605(b)(2).

11.    On May 16, 2016, then candidate Trump certified his financial disclosures as being "*true, complete and correct.*"  These disclosures were subsequently determined by the appropriate reviewing officials to be in apparent compliance with the public disclosure requirements of the Ethics in Government Act.

12.    The May 16, 2016 financial disclosure report is available upon application to members of the public. The application for a copy of such report must state (a) the applicant's name, occupation and address; (b) the name and address of any other person or organization on whose behalf the copy is requested; and (c) that the applicant is aware of the prohibitions on the obtaining or use of the report.  5 U.S.C. App. § 105(b)(2).

13.     On or about December 15, 2016, plaintiff filed an application for a copy of the May 16, 2016 report through the website of the OGE. On December 19, 2016, the OGE sent an email to the plaintiff attaching copies of the May 16, 2016 financial disclosure report.2

14.     The Ethics in Government Act requires disclosure of the identity and category of value of any interest in a business entity in excess of $1,000. 5 U.S.C. App. § 102(a)(3). The Ethics in Government Act also requires disclosure of *"the identity and category of value of the total liabilities owed to any creditor…..which exceed $ 10,000 at any time during the preceding calendar year."* 5 U.S.C. App. § 102(a)(4).

15.     Financial disclosure reports are made on the Standard Form (SF) 278, or a variation thereof approved by the OGE. The President's disclosure statements were made on an OGE Form 278e.

16.     Part 2 of the OGE 278e filed by the President identifies the various business entities in which he has a financial interest, together with a brief description of the primary assets of those entities. Part 2 of the OGE 278(e) filed by the President is contained on pages 14 of 58 to pages 30 of 58 of that form. *See* Exhibit 1.  Part 8 of the OGE 278e filed by the President contains a listing of financial liabilities, as

---

2 A copy of the President's financial disclosure report that was received from the Office of Government Ethics will be filed separately under seal due to possible restrictions on the further re-disclosure of this document.

well as the identity of the creditor and a brief description of the nature and terms of those liabilities. Part 8 of the OGE 278e filed by the President is contained on p. 57 of 58 of Exhibit 1.

17.     The Ethics in Government Act and implementing regulations requires disclosure of *only* those liabilities for which candidates are personally obligated. 5 U.S.C. App. § 102(a)(4); 5 C.F.R § 2634.305(a). The statute and implementing regulations do not require disclosure of liabilities of business entities in which a candidate has a financial interest, unless the candidate is also personally obligated for those liabilities.

18.     Notwithstanding the foregoing, the Instructions accompanying the SF 278 state that non-recourse liabilities of privately held businesses must be disclosed, unless those liabilities are related to the primary business activity of the entity that incurred the liability.  *See* Instructions, OGE Form 278, pp. 4, 10. 3; *see also* OGE Public Financial Disclosure Guide – FAQs: Liabilities.4  These instructions also require disclosure of the primary business activities of non-public entities, as well as any business activities that are unrelated to that primary activity. *See*

---

3 A copy of these instructions may be downloaded from https://www.oge.gov/Web/OGE.nsf/Resources/OGE+Form+278+Instructions (last accessed March 13, 2017).

4 A copy of these FAQs may be retrieved from https://www.oge.gov/Web/278eGuide.nsf/Content/FAQs~FAQs:+Liabilities (last accessed March 13, 2017).

Instructions, p. 4.

19.     The President did not disclose any unrelated business activities in Part 2 of his financial disclosure report. Therefore, all of the business liabilities reported in Part 8 of the President's financial disclosure report are related to the primary business activities of the entities disclosed in Part 2. Accordingly, taken at face value, the only business liabilities that were reportable by the President were those for which he was personally obligated.

### ALLEGED VIOLATION OF 5 U.S.C. APP. § 102(A)(4)

20.     The President was required to disclose in Part 8 of the financial disclosure report any liabilities for which he is personally obligated. If the report filed by the President were to be taken at face value, all of the liabilities listed in Part 8 would represent personal obligations of the President.

21.     The President is personally obligated for some of the liabilities listed in Part 8 of the disclosure report.

22.     Upon information and belief, the President is not personally obligated for all of the liabilities incurred by the various business entities identified in Part 8 of the disclosure report.

23.     The financial disclosure report did not segregate the liabilities for which the President is personally obligated from the liabilities for which he is not personally

obligated. This makes it impossible to identify exactly which liabilities represent personal obligations of the President.

24.     The President's failure to specifically identify the liabilities for which he is personally obligated violated 5 U.S.C. App. § 102(a)(4) and 5 C.F.R § 2634.305(a).

**COUNT I (Cause of Action Under 28 U.S.C. § 1361 - Mandamus)**

25.     The allegations in Paragraphs 1-24 are incorporated as if fully set forth herein.

26.     The President has a non-discretionary duty to specifically identify the liabilities for which he is personally obligated. Plaintiff has a clear right to know exactly which of the liabilities listed in Part 8 of the disclosure statement represent personal obligations of the President. There are no other legal remedies available to plaintiff by which this information can be obtained except through relief in the nature of mandamus.

27.     The provisions of 28 U.S.C. § 1361 provide a statutory basis for jurisdiction in cases seeking relief in the nature of mandamus against federal officers, including the President of the United States. The provisions of 28 U.S.C. § 1361 also provide for an independent cause of action in the absence of any other available remedies.

28.     Under common law, mandamus relief was available to compel performance by federal officers of non-discretionary duties.  Under common law, mandamus

was also available to compel private individuals to perform a particular act when such act emanates from a clear public duty. The obligation of a candidate for President of the United States to file financial disclosure statements in the manner required by law constitutes such a public duty.

29.    The enactment of 28 U.S.C. § 1361 did not narrow the scope of this common law cause of action, or otherwise undermine the historic authority of this Court under common law to order relief in the nature of mandamus.

30.    Plaintiff is entitled to relief in the nature of mandamus compelling the President to specifically identify in Part 8 of his disclosure report the liabilities for which he is personally obligated.

WHEREFORE, Plaintiff prays:

(a)    For relief in the nature of mandamus directing the President to identify in Part 8 of the disclosure statement the liabilities for which he is personally obligated;

(b)    For a declaratory judgment that the President violated 5 U.S.C. App. § 102(a)(4) by failing to specifically identify the liabilities for which he is personally obligated;

(c)    For the costs of this suit incurred by Plaintiff, and;

(d)    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jeffrey A. Lovitky
_____
D.C. Bar Number 404834
1776 K Street, N.W.
Washington D.C. 20036
Tel: (202) 429-3393
Fax: (202) 318-4013
Email: jefflovitky@gmail.com